UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCO ANTONIO MENDOZA,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY,

Respondent.

No. 1:26-cv-05099-DAD-JDP (HC)

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND RESPONDENT'S MOTION TO DISMISS THE PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR THE APPOINTMENT OF COUNSEL AND MOTION FOR A TEMPORARY RESTRAIING ORDER WITHOUT PREJUDICE

(Doc. Nos. 1, 2, 3, 4, 10)

On July 2, 2026, petitioner, an immigration detainee proceeding *pro se*, filed a petition for writ of *habeas corpus* (Doc. No. 1), a motion for a temporary restraining order ("TRO") seeking his immediate release from immigration detention (Doc. No. 4), along with a motion to proceed *in forma pauperis* (Doc. No. 2), and a motion for appointment of counsel. (Doc. No. 3.) The court will grant petitioner's motion to proceed *in forma pauperis*, but deny petitioner's other outstanding requests and motions.

On July 6, 2026, the court ordered respondent to file a response to petitioner's motion for a TRO. (Doc. No. 7.) It also directed respondent to file a response to the outstanding *habeas* petition. (*Id.*) On July 9, 2026, respondent filed a motion to dismiss the *habeas* petition. (Doc.

No. 10.) In respondent's motion, it argues that petitioner is lawfully detained pursuant to 8 U.S.C. § 1231(a). (Doc. No. 10 at 2-3.) Respondent does not oppose the court reaching the merits of the pending *habeas* petition based on the briefing currently before it (Doc. No. 10 at 1), and the court will do so here.

Based upon the parties' briefing, the court finds the following facts. Petitioner is a citizen of El Salvador who was previously ordered removed in 2010. (Doc. No. 10 at 2.) Petitioner was then removed from the United States in 2016. (*Id.*) However, he then reentered the United States in August 2017. (Doc. No. 1 ¶ 42.) On or about June 13, 2026, petitioner was arrested by Immigration and Customs Enforcement ("ICE") agents. (Doc. No. 1 ¶ 2.) He has remained in ICE detention since that date.

When an individual re-enters the United States after having been previously removed pursuant to a removal order, "the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed" and that individual "shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5). "Where a noncitizen is subject to a reinstated removal order, detention is governed by 8 U.S.C. § 1231." *Arreaga Santizo v. Warden of the Golden State Annex*, No. 1:26-cv-04256-VC, 2026 WL 1803596, at *1 (E.D. Cal. June 23, 2026) (citing *Johnson v. Guzman Chavez*, 594 U.S. 523, 535 (2021)). Reinstated removal orders are "administratively final," *Guzman Chavez*, 523 U.S. at 533–35, and once a removal order becomes administratively final, the noncitizen must be detained for a 90-day period, commonly referred to as the "removal period," during which, the government must effectuate that noncitizen's removal. *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001).

Here, petitioner argues for his immediate release on the grounds that his current detention violates his due process rights under the Fifth Amendment. Respondent counters by providing evidence that the Department of Homeland Security issued a document titled "notice of intent/decision to reinstate prior order" which reflects that petitioner's prior removal order was reinstated pursuant to § 1231(a)(5) on June 13, 2026. (Doc. No. 10 at 20.) Thus, based upon the evidence presented by respondent, petitioner is still subject to the 90-day mandatory detention period and is not at this time entitled to the injunctive relief he seeks.

Accordingly, for the reasons explained above,

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;
2. Respondent's motion to dismiss petitioner's *habeas corpus* petition (Doc. No. 10) is GRANTED and the *habeas* petition (Doc. No. 1) is DISMISSED without prejudice;
3. Petitioner's motion for a temporary restraining order (Doc. No. 4) and motion for appointment of counsel (Doc. No. 3) are DENIED without prejudice in light of this order dismissing his current *habeas* petition;
4. The Clerk of the Court is also directed to ENTER judgment in favor of respondent and to CLOSE this case.

IT IS SO ORDERED.

Dated: **July 13, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE